```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :
                                  :         SEALED
       - v. -                     :    SUPERSEDING INDICTMENT
                                  :
DEBORAH MENSAH,                   :    S2 18 Cr. 201 (DLC)
                                  :
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - X
```

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The Grand Jury charges:

### BACKGROUND

1. At all times relevant to this Indictment, DEBORAH MENSAH, the defendant, and others known and unknown, were members of a criminal enterprise (the "Enterprise") based in the Republic of Ghana ("Ghana") that committed a series of business email compromises and romance scam frauds against individuals and businesses located across the United States, including in the Southern District of New York.

### MEANS AND METHODS OF THE CONSPIRACY

2. The objective of the Enterprise's business email compromise fraud scheme was to trick and deceive businesses into wiring funds into accounts controlled by the Enterprise. First, members of the Enterprise created email accounts with slight variations of email accounts used by employees of a victim company or third parties engaged in business with a company to

"spoof" or impersonate those employees or third parties. These fake email accounts were specifically designed to trick other employees of the company with access to the company's finances into thinking the fake email accounts were authentic. The fake email accounts were used to send instructions to wire money to certain bank accounts and also included fake authorization letters for the wire transfers that contained forged signatures of company employees. By utilizing this method of deception, the Enterprise sought to trick the victims into transferring hundreds of thousands of dollars to bank accounts the victims believed were under the control of legitimate recipients of the funds as part of normal business operations, when in fact the bank accounts were under the control of members of the Enterprise, including DEBORAH MENSAH, the defendant.

3. The Enterprise conducted the romance scams by using electronic messages sent via email, text messaging, or online dating websites that deluded the victims, many of whom were vulnerable, older men and women who lived alone, into believing the victim was in a romantic relationship with a fake identity assumed by members of the Enterprise. Once members of the Enterprise had gained the trust of the victims using the fake identity, they used false pretenses such as the promise of being paid back or receiving a portion of an investment to cause the victims to wire money to bank accounts the victims believed were

controlled by their romantic interests, when in fact the bank accounts were controlled by members of the Enterprise. At times, the members of the Enterprise also used false pretenses to cause the victims to receive funds in the victims' bank accounts, which, unbeknownst to the victims, were fraud proceeds, and to transfer those funds to accounts under the control of members of the Enterprise. The members of the Enterprise, posing as the romantic interest of the victims, also introduced the victims to other individuals purporting to be, for example, consultants or lawyers, who then used false pretenses to cause the victims to wire money to bank accounts controlled by members of the Enterprise.

4. DEBORAH MENSAH, the defendant, and other known and unknown members of the Enterprise, received or otherwise directed the receipt of fraud proceeds from victims of the Enterprise in bank accounts that they and other members of the Enterprise controlled in the Bronx, New York. Some of these bank accounts were opened using fake names, stolen identities, or shell companies in order to avoid detection and hide the true identities of the members of the Enterprise controlling those accounts. Once the defendant received the fraud proceeds in bank accounts under her control, the defendant withdrew, transported, and laundered those fraud proceeds to other members of the Enterprise, including those located in Ghana.

## STATUTORY ALLEGATIONS

5.   From at least in or about 2014 up to and including in or about 2018, in the Southern District of New York and elsewhere, DEBORAH MENSAH, the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

6.   It was a part and an object of the conspiracy that DEBORAH MENSAH, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, MENSAH engaged in a scheme together with others to receive wire transfers and cash deposits from victims of fraud schemes via bank accounts controlled by the defendant and other members of the Enterprise in the Bronx, New York.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

7. From at least in or about 2014 up to and including in or about 2018, in the Southern District of New York and elsewhere, DEBORAH MENSAH, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, knowingly did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, MENSAH received and attempted to receive wire transfers and cash deposits from victims of fraud schemes via bank accounts controlled by the defendant and other members of the Enterprise in the Bronx, New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Conspiracy to Receive Stolen Money)

The Grand Jury further charges:

8. From at least in or about 2014 up to and including in or about 2018, in the Southern District of New York and elsewhere, DEBORAH MENSAH, the defendant, and others known and unknown, willfully and knowingly did combine, conspire,

5

confederate, and agree together and with each other to commit offenses against the United States, to wit, a violation of Title 18, United States Code, Section 2315.

9.   It was a part and object of the conspiracy that DEBORAH MENSAH, the defendant, and others known and unknown, would and did receive, possess, conceal, store, barter, sell, and dispose of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, in violation of Title 18, United States Code, Section 2315.

## OVERT ACTS

10.   In furtherance of said conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

   a.   On or about September 8, 2016, DEBORAH MENSAH, the defendant, received a wire transfer of approximately $112,000 in fraud proceeds in a bank account MENSAH controlled in the Bronx, New York.

   (Title 18, United States Code, Section 371.)

## COUNT FOUR
### (Receipt of Stolen Money)

The Grand Jury further charges:

11.  From at least in or about 2014 up to and including in or about 2018, in the Southern District of New York and elsewhere, DEBORAH MENSAH, the defendant, received, possessed, concealed, stored, bartered, sold, and disposed of goods, wares, merchandise, securities, and money, of the value of $5,000 and more, which had crossed a state boundary after being stolen, unlawfully converted, and taken, knowing the same to have been stolen, unlawfully converted, and taken, to wit, MENSAH received proceeds of fraud schemes which were transferred from bank accounts outside of New York to bank accounts in the Bronx, New York and elsewhere.

(Title 18, United States Code, Sections 2315 and 2.)

## COUNT FIVE
### (Money Laundering Conspiracy)

The Grand Jury further charges:

12.  From at least in or about 2014 up to and including in or about 2018, in the Southern District of New York and elsewhere, DEBORAH MENSAH, the defendant, and others known and unknown, knowingly and intentionally did combine, conspire, confederate, and agree together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

7

13.  It was a part and object of the conspiracy that DEBORAH MENSAH, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury further charges:

14.  In or about 2018, DEBORAH MENSAH, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, MENSAH used the name and identity of another person to withdraw or otherwise direct the withdrawal of stolen funds during and in relation to

the wire fraud offenses charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), (b) and (c)(5), and 2.)

## FORFEITURE ALLEGATIONS

15. As the result of committing the offenses charged in Counts One through Four of this Indictment, DEBORAH MENSAH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of Counts One through Four of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

16. As the result of committing the offense charged in Count Five of this Indictment, DEBORAH MENSAH, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

## Substitute Assets Provision

17.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

    (Title 18, United States Code, Sections 981 and 982;
      Title 21, United States Code, Section 853; and
       Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
GEOFFREY S. BERMAN  DSA  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DEBORAH MENSAH

Defendant.

INDICTMENT

S2 18 Cr. 201 (DLC)

(18 U.S.C. §§ 371, 1028A, 1343, 1349, 1956(h), 2315, and 2.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
Foreperson

2/27/19 Filed True Bill.
Filed Indictment.
Filed Arrest Warrants.
Under Seal.

- Wong, USMJ